# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

DAVID S. HASTINGS,

    Petitioner,

v.                              Case No: 2:20-cv-615-SPC-MRM

SECRETARY DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____/

## OPINION AND ORDER[1]

Before the Court are two motions filed by Petitioner David Scott Hastings. First, he moves for summary judgment. (Doc. 10). Second, he moves to recuse the undersigned. (Doc. 14). For reasons that follow, both motions are denied.

Hastings seeks a writ of habeas corpus under § 2254. (Doc. 1). The Court ordered the Respondent Secretary of the Florida Department of Corrections to respond to the Petition. (Doc. 4). Respondent responded (Doc. 8), and Hastings replied (Doc. 9).

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide, nor does it have any agreements with them. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

After briefing was complete, Hastings moved for summary judgment. This motion is superfluous and not procedurally appropriate here. *See [Siller v. Sisto, No. CIV S-07-0641 WBS EFB P., 2008 WL 506088 (E.D. Cal. Feb. 22, 2008)](.)*. The procedure for deciding habeas corpus petitions in this Court is governed by Section 2254 Rules 4 and 5: the Court orders the respondent to show why the writ should not be granted, the respondent files an answer, and the petitioner files a reply. There is no need for the added step of a motion for summary judgment. The merits of the petition have now been briefed and stand submitted.

Hastings also seeks to recuse the undersigned. This is not the first time Hastings has moved for recusal. In *Hastings v. City Fort Myers et al.*, No. 2:18-cv-00081-SPC-MRM, the Court denied Hastings' motion to recuse. Hastings now contests the propriety of the undersigned ruling on his petition. He again points out the undersigned and her family once were social acquaintances of Hastings and his family. And he is unhappy that the undersigned wrote in a previous order, "Not mentioned in Hastings' complaint is his lengthy criminal history in Lee County, Florida." He insists this comment casts doubt on the undersigned's impartiality.

Section 455 provides two bases for recusal. First, a judge must recuse herself when her "impartiality might be reasonably questioned." [28 U.S.C. § 455(a)](.). Second, a judge must disqualify herself when she "has a personal bias

or prejudice concerning a party, or personal knowledge of disputed evidentiary facts concerning the proceeding[.]" 28 U.S.C. § 455(b)(1).

Any contact the undersigned and her family had with Hastings and his family was fleeting and years removed from this proceeding. And the interaction was unrelated to the issues involved in Hastings' petition for a writ of habeas corpus. Hastings also fails to show the recent comment calls into question the undersigned's impartiality. This short comment only pointed out that Hastings failed to present a complete and accurate summary of his criminal proceedings. There is no reason the undersigned cannot impartially evaluate whether his custody violates the Constitution or laws or treaties of the United States.

Accordingly, it is now **ORDERED:**

1. Hastings' motion for summary judgment (Doc. 10) is **DENIED**.

2. Hastings' motion to recuse the undersigned (Doc. 14) is **DENIED**.

3. Hastings' petition for a writ of habeas corpus (Doc. 1) is **TAKEN UNDER ADVISEMENT**.

**DONE** and **ORDERED** in Fort Myers, Florida on July 16, 2021.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All Parties of Record